1  Todd F. Nevell, Esq. SBN: 170054
   tnevell@ssnlaw.com
2  Abaigeal A. Loving, Esq. SBN: 312043
   aloving@ssnlaw.com
3  SCOLINOS, SHELDON & NEVELL LLP
   301 North Lake Avenue, Suite 1000
4  Pasadena, California 91101
   Telephone: (626) 793-3900
5  Facsimile: (626) 568-0930

6  Attorneys for Plaintiff, CHRISTINE BENDER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| CHRISTINE BENDER, | CASE NO.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **NEGLIGENCE;** |
| AMERICAN AIRLINES, INC., and DOES 1 through 100, Inclusive, | 2. **PREMISES LIABILITY;** 3. **STRICT LIABILITY** |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff, CHRISTINE BENDER, alleges as follows:

## NEGLIGENCE

**[By Plaintiff, CHRISTINE BENDER, against Defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, Inclusive.]**

1. Plaintiff, CHRISTINE BENDER, is an individual residing in the County of Los Angeles, State of California.

2. At all relevant times mentioned herein defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, and each of them, were, and are now, corporations or other business entities formed in the State of Delaware, operating and existing under the laws of the State of California and doing business in the

County of Los Angeles.

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, Inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will ask leave of this court to allege their true names and capacities when the same have been ascertained.

4. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his or her agent.

5. This matter concerns injuries suffered by Plaintiff due to acts by Defendant and its employees and agents during a flight from Los Angeles International (LAX) airport to Boston, Massachusetts.

6. This court has jurisdiction pursuant to *28 U.S.C. § 1331* in that the claims arise under a treaty of the United States, specifically, the Montreal Convention of 1999, which was ratified on July 31, 2003.

7. This court also has jurisdiction pursuant to *28 U.S.C. 1332*, in that the damages exceed $75,000 and the parties are citizens of different states.

8. Venue in the Central District of California is appropriate pursuant to *28 U.S.C. § 1391* in that the Defendant is actually engaged in business in the Central District of California, and pursuant to Art. 33 of the Montreal Convention, Plaintiff's principle and permanent residence is within the Central District and Defendants' business operates within the Central District.

9. On or about November 13, 2022, on American Airlines flight No. 779 from Los Angeles International airport to Boston, Massachusetts, Plaintiff tripped

over an obstruction in the aisle on her way to use the bathroom causing her to suffer a traumatic fracture to her left knee. Two (2) American Airlines' flight attendants witnessed the incident. One of the flight attendants, Claire (last name currently unknown) informed Plaintiff and her husband that she had been aware of the obstruction protruding into the aisle prior to Plaintiff's fall, but had failed to eliminate and/or remove the obstruction from the pathway passengers were reasonably expected to traverse on their way to use the bathroom.

10. Defendants, and each of them, a common carrier, owed a duty of reasonable care to Plaintiff and breached their duty of care and were negligent, careless and failed to exercise ordinary care in that they carelessly, recklessly and negligently failed to clear the aisle of the known obstruction and tripping hazard.

11. As a proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff was severely injured in her strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and emotional pain and suffering.

12. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur hospital, surgical, medical and related healthcare expenses. The full amount of such expenses is not known to plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when same becomes known to her, or on proof thereof.

13. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur travel-related and household services expenses.

**NEGLIGENCE-PREMISES LIABILITY**

**[By Plaintiff, CHRISTINE BENDER, against Defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, Inclusive.]**

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. At all times mentioned, defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, and each of them, owned, maintained, controlled, managed and/or operated the commercial airplane upon which Plaintiff was traveling as an invited guest at the time of the subject incident.

16. Plaintiff alleges that Defendants, and each of them, breached their reasonable standard of care and duty to Plaintiff regarding the condition of the subject premises.

17. Each of the Defendants owed a legal duty to Plaintiff to use ordinary care to keep the premises reasonably safe for its customers, including Plaintiff, and to make reasonable inspections of the premises to discover dangerous conditions on the premises and/or protect Plaintiff from the condition(s) that injured Plaintiff.

18. Each of the Defendants created and/or allowed a dangerous condition on the premises by negligently placing and/or allowing a known tripping hazard which protruded out into the aisle/walkway where customers were known to walk enroute to the bathroom and in failing to warn or otherwise protect Plaintiff from such dangerous condition(s).

19. Each of the Defendants either knew of the dangerous condition or through the exercise of reasonable care should have known, or through the exercise of reasonable care should have warned or otherwise protected Plaintiff from such dangerous condition.

20. On or about November 13, 2022, on American Airlines flight No. 779 from Los Angeles International airport to Boston, Massachusetts, Plaintiff tripped over an obstruction in the aisle on her way to use the bathroom and fractured her left knee. Two (2) American Airlines' flight attendants witnessed the incident. One of the flight attendants, Claire (last name currently unknown) informed Plaintiff and her husband that she had been aware of the obstruction in the aisle prior to

Plaintiff's fall but had failed to eliminate and/or remove the obstruction from the pathway passengers were reasonably expected to traverse on their way to use the bathroom.

21. At all relevant times mentioned herein, the area where Plaintiff fell was owned, managed, controlled, leased, maintained, repaired and possessed by defendants, and each of them. Plaintiff is informed, believes and thereon alleges that this dangerous condition was created by defendants, DOES 1 through 100 or one of its agents and employees, or existed for such a period of time that it should have been discovered by defendants and/or DOES 1 through 100 prior to the time of Plaintiff's fall.

22. Defendants, and each of them, breached their duty of care and were negligent, careless and failed to exercise ordinary care in that they negligently maintained, owned, controlled and operated the subject area in that they knew, or in the exercise of reasonable care should have known, that the area was dangerous and posed an unreasonable risk of injury to anyone entering and walking in the subject area in that (a) defendants, and each of them, failed to maintain and care for the area, (b) defendants, and each of them, maintained a dangerous hazard in the area, (c) defendants, and each of them, failed to remedy and correct a dangerous condition in the area, (d) defendants, and each of them, failed to provide adequate safeguards to protect the passersby against the dangerous condition of the area, and (e) defendants, and each of them, failed to warn the passersby about the dangerous condition which existed in the area.

23. As a proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff was severely injured in her strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and emotional pain and suffering.

24. As a further proximate result of the negligence and carelessness of the

defendants, and each of them, Plaintiff has incurred and will continue to incur hospital, surgical, medical and related healthcare expenses. The full amount of such expenses is not known to Plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when same becomes known to her, or on proof thereof.

25. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur travel-related and household services expenses.

## STRICT LIABLITY

**[By Plaintiff, CHRISTINE BENDER, against Defendants, AMERICAN AIRLINES, INC., and DOES 1 through 100, Inclusive.]**

26. Plaintiff refers to paragraphs 1-25 above of the first count, and repleads and reimposes said allegations as if set forth herein.

27. The Montreal Convention imposes strict liability on air carriers. Article 17 provides for carrier liability in the event of bodily injury to a passenger while on board, embarking or disembarking from the aircraft.

28. As a proximate result of the negligence and carelessness of said Defendants, and each of them, Plaintiff was severely injured in her strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and emotional pain and suffering.

29. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur hospital, surgical, medical and related healthcare expenses. The full amount of such expenses is not known to plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when same becomes known to her, or on proof thereof.

30. As a further proximate result of the negligence and carelessness of the defendants, and each of them, Plaintiff has incurred and will continue to incur

travel-related and household services expenses.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINE BENDER, hereby demands trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff pray for judgment against defendants, and each of them, as follows:

1. For general damages of $1,000,000.00, or such sum as may be proven at trial, which sum is in excess of the jurisdictional minimum of this court;
2. For medical and related expenses in the sum of $100,000.00, or such other sum as may be proven at time of trial, plus prejudgment interest at the highest rate allowed by law;
3. For travel-related expenses and household services expenses as may be proven at trial, plus prejudgment interest at the highest rate allowed by law;
4. For costs of suit herein incurred;
5. For leave to amend this Complaint to conform to discovery and proof;
6. For such other and further relief as the Court may deem just and proper.

DATED: July 25, 2023            **SCOLINOS, SHELDON & NEVELL LLP**

By: __/s/ Todd F. Nevell__
TODD F. NEVELL
ABAIGEAL A. LOVING
Attorneys for Plaintiff, CHRISTINE BENDER.